NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

JEANNETTE BURMEISTER,

Plaintiff - Appellant,

v.

DANIEL L. PETERSON, M.D.; DANIEL L. PETERSON, MD, LTD.; SIERRA INTERNAL MEDICINE,

Defendants - Appellees,

and

SIMMARON RESEARCH,

Defendant.

No. 25-2690

D.C. No. 3:22-cv-03178-AMO

MEMORANDUM*

---

JEANNETTE BURMEISTER,

Plaintiff - Appellant,

v.

DANIEL L. PETERSON; DANIEL L. PETERSON, MD, LTD.; SIERRA INTERNAL MEDICINE,

Defendants - Appellees,

No. 25-3926

D.C. No. 3:22-cv-03178-AMO

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

SIMMARON RESEARCH,

      Defendant.

Appeal from the United States District Court
for the Northern District of California
Araceli Martinez-Olguin, District Judge, Presiding

Submitted July 31, 2026[**]

Before: MURGUIA, Chief Judge, and WARDLAW and JOHNSTONE, Circuit Judges.

Jeanette Burmeister ("Plaintiff") appeals the district court's dismissal of her action against Dr. Daniel Peterson, his corporation Daniel L. Peterson, M.D., Ltd., and his medical office Sierra Internal Medicine (collectively, "Defendants"). This dispute arises from Plaintiff's participation in a clinical trial administered by Defendants. Plaintiff alleges that Defendants failed to provide Plaintiff with her pre-paid supply of her medication, Ampligen, and ejected her from the clinical trial in retaliation for her demands for the Ampligen and unused funds. Plaintiff also brings claims for Defendants' alleged improper medical and billing practices. On appeal, Plaintiff challenges the district court's dismissal for lack of personal jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo "[t]he timeliness of a notice of appeal," *see Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir. 2003) (citation omitted), and a district court's dismissal for lack of personal jurisdiction, *see Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). "[T]he plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Where, as here, the motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.'" *Id.* (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).

1. We hold that Plaintiff's notice of appeal was timely. The district court did not enter final judgment in a separate document as required by Federal Rule of Civil Procedure Rule 58(a)(1). "When a judgment is not set forth on a separate document, then it is deemed entered for purposes of appeal 150 days from entry on the civil docket." *ABF Capital Corp. v. Osley*, 414 F.3d 1061, 1064 (9th Cir. 2005) (citing Fed. R. App. P. 4(a)(7)(A)(ii)). "The deadline for notice of appeal then runs 30 days from entry of judgment." *Id.* (citing Fed. R. App. P. 4(a)(1)(A)). Because Plaintiff filed her notice of appeal within 180 days of the January 14, 2025, order, her appeal was timely.

25-2690

2. We affirm the district court's conclusion that Plaintiff fails to establish personal jurisdiction.[1]  We apply a three-prong test for analyzing specific personal jurisdiction: (1) purposeful direction or availment; (2) relation of the claim to the defendant's forum-related activities; and (3) fair play and substantial justice. *Schwarzenegger*, 374 F.3d at 802.  The plaintiff must satisfy the first two prongs before the burden shifts to the defendants on the third prong.  *Id.*  The district court determined that Plaintiff, a citizen of California, established that Defendants, citizens of Nevada, directed their conduct at California such that there was purposeful direction under prong one.  At issue is the second prong: whether the claim "arises out of or relates to the [Defendants'] forum-related activities."  *Id.*

"We have long understood that for an injury to arise out of a defendant's forum contacts required 'but for' causation, in which 'a direct nexus exists between [a defendant's] contacts [with the forum state] and the cause of action.'" *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 504 (9th Cir. 2023) (quoting *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013)).  The terms "'arise out of' and 'relate to' are alternatives . . . a claim can relate to [forum] contacts, even absent causation, where, for example, 'a company . . . serves a market for a product in the forum State and the product malfunctions there.'" *Id.*

---

[1] Because the parties agree that general personal jurisdiction does not apply here, we need only focus on specific personal jurisdiction.

(citing *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362–63 (2021)). Under the "relate to" test, this Court has looked at whether: (1) "similar injuries will tend to be caused by" the defendant's forum contacts; (2) "the defendant should have foreseen the risk that its contacts might cause injuries like that of the plaintiff"; and (3) there is a "close connection between [the defendant's] contacts and injury." *Id.* at 505–06. The focus of the minimum contacts analysis is on "the defendant's conduct," which "must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

Here, Plaintiff fails to establish that her injuries arise out of or relate to Defendants' forum-related activities. While Plaintiff alleges certain contacts that Defendants had with California including years of infusions and follow-up care for Plaintiff, her seven claims against Defendants concern the "one-year supply of Ampligen" that "was to be stored and used at the Nevada clinic" and Plaintiff's wrongful ejection "from the Nevada Ampligen study." These claims are not connected to Defendants' California contacts.

This case is therefore distinguishable from *Cox v. Gritman Med. Ctr.*, 170 F.4th 724 (9th Cir. 2026), which Plaintiff relies on. In *Cox*, we determined that relatedness was met where the Idaho defendant doctor's transmission of prescriptions to Washington pharmacies as part of the medical treatment was "at

25-2690

the heart of th[e] medical-malpractice controversy" regarding the Washington plaintiff patient's overdose and death from those medications. *Id.* at 739. By contrast, Defendants' contacts with California are not "at the heart of this" dispute. *Id.*

Because "[o]ur specific jurisdiction inquiry is limited to 'the defendant's suit-related conduct,'" *Picot*, 780 F.3d at 1215 n.3 (quoting *Walden*, 571 U.S. at 284), Plaintiff's case is more analogous to cases in which we determined that the claims did not arise out of the defendants' contacts with the forum state. *See, e.g.*, *Yamashita*, 62 F.4th at 501, 506 (holding that defendant's use of the forum state port and sale of residential solar batteries were not related to plaintiff's e-cigarette battery injury); *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 856–57, 864 (9th Cir. 2022) (concluding that defendant's single service center in the forum state, which did not service the type of aircraft at issue, was not related to plaintiff's faulty aircraft claim). Even resolving the disputed facts in favor of Plaintiff, *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006), Plaintiff has not alleged a "close connection between" Defendants' contacts and her injury, *Yamashita*, 62 F.4th at 504. We conclude that Plaintiff did not meet her burden to establish personal jurisdiction over Defendants.

**AFFIRMED.**